## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID GEE,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 1:11-2301** |
| **v.** | **:** | **(CONNOR, D.J.)** |
| | | **(MANNION, M.J.)** |
| **THE YORK CITY POLICE DEPARTMENT; OFFICER ANTHONY FETROW and OFFICER KEHLER,** | **:** | |
| | **:** | |
| | **:** | |
| **Defendants** | **:** | |
| | **:** | |

## REPORT AND RECOMMENDATION[1]

Presently before the court is the defendants' motion to dismiss, (Doc. No. 17). Also pending is the plaintiff's motion to amended his original complaint, (Doc. No. 45). Finding that the plaintiff, a pretrial detainee at the time of the alleged incidents, has failed to state a sufficient claim for excessive force or inadequate conditions of confinement, the court recommends that the motion to dismiss be **GRANTED**. As the plaintiff only seeks to amend his complaint as to the injuries suffered and awards requested, the amended complaint would similarly not survive dismissal and

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

therefore the court recommends that the plaintiff's motion to amend be **DENIED**.

## I.   FACTS AND PROCEDURAL HISTORY

On August 4, 2011, the plaintiff was placed under arrest by Officers Fetrow and Kehler. (Doc. No. 1). Officer Fetrow handcuffed the plaintiff behind his back. (Id.). Officer Fetrow then led the plaintiff from the apartment where the arrest had occurred and down an exterior stair case to exit the building. (Id.). On the second floor landing, Officer Petrow "slam[med]" the plaintiff's face and chest into the wall and stated that "he was in control and the [the plaintiff] better get used to it." (Id.). At the bottom of the last flight of stairs Officer Fetrow allegedly threw the plaintiff to the ground and placed his hand on the plaintiff's neck and knee on the plaintiff's rib area. (Id.). Officer Fetrow then  called the plaintiff a "motherfucking thief." (Id.). The plaintiff states that Officer Kehler was not involved with the physical acts, but failed to prevent them from occurring. (Id. at 4).

The plaintiff states that the officers ignored his requests to go to the hospital. (Id. at 3). After the officers returned to the York City Police Department and filed their reports, a process the plaintiff says took over four hours, the officers took the plaintiff to the hospital. (Id.). The plaintiff alleges that he was denied food and access to a bathroom while at the police station. The plaintiff was given food and examined. (Id.). The exam noted a single

injury, a "chest wall contusion," and the plaintiff was prescribed ibuprofen and a pain relieving cream. (Id. at 13,18).

The plaintiff brings his claim pursuant to 42 U.S.C. §1983 and claims violations of his Fourth and Eighth Amendment rights.


## II.    STANDARD OF REVIEW

The defendants seek dismissal pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of "necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.   DISCUSSION

To state a claim under §1983, the plaintiff must show that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. §1983*; Maine v.*

4

*Thiboutot*, 448 U.S. 1 (1980); *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir.2006).

As a pre-trial detainee, the Fourteenth Amendment, rather than the Eighth Amendment, applies to the plaintiff's claims of excessive force, inadequate medical care and denial of access to a bathroom.[2] *See Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir.2005) (reversing and remanding grant of summary judgment to prison officials on pretrial detainee's conditions of confinement claim because the district court improperly analyzed the claim under the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir.2003) (stating that the Eighth Amendment applies only after the State has secured a formal adjudication of guilt in accordance with due process of law); *Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir.1987) (finding "[p]retrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause.").

With respect to a detainee's Fourteenth Amendment claim, courts have found that the due process rights of detainees are "at least as great" as the Eighth Amendment protections available to convicted prisoners. *See*

---

[2]The plaintiff's complaint also alleges violations of his Fourth Amendment rights, however, the court finds the Fourth Amendment inapplicable as the incidents from which his claims arise took place after the officers had effected his arrest and while he was in police custody as a pretrial detainee.

*Simmons v. City of Phila.*, 947 F.2d 1042, 1067 (3d Cir.1991); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir.1990); *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). Without addressing the degree of variation, the Third Circuit has applied the standards enunciated in Eighth Amendment cases to claims made by pretrial detainees. *See Boring, 833 F.2d at 473*; *Natale, 318 F.3d at 581*.


### A. Excessive Force

In order for the plaintiff  to prove a claim for excessive force, he must demonstrate that the force used amounted to a wanton infliction of punishment, as opposed to an amount rationally related to exercising control. *Fuentes v. Wagner*, 206 F.3d 335, 342 (3d Cir. 2000); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Different standards apply to claims of excessive force brought by convicted criminal defendants, and these standards are applicable under the Eighth Amendment's guaranteed right to be free from cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986). These protections do not apply until "after conviction and sentence." *Graham*, 490 U.S. at 392 n.6. However, under the Fourteenth Amendment, a pretrial detainee is entitled "at minimum, [to] no less protection" than a sentenced inmate is entitled to under the Eighth Amendment. *Fuentes*, 206 F.3d at 344 (quoting *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 668 (3d Cir.1988)).

6

Factors relevant to an excessive force inquiry governed by the Eighth Amendment include "the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citations omitted).

A plaintiff need not prove that the harm he suffered was sufficiently serious in order to make out a constitutional claim where excessive force was used, as absence of injury does not necessarily foreclose the inquiry. *See id.*; *see also Brooks v. Kyler*, 204 F.3d 102, 104 (3d Cir. 2000). At the same time, courts have held that the Constitution does not protect an inmate against an objectively *de minimis* use of force, provided that the use of force is not "repugnant to the conscience of mankind." *Whitley*, 475 U.S. at 327 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lindsey v. O'Connor*, 327 Fed. Appx. 319, 321 (3d Cir. 2009); *Reyes v. Chinnici*, 54 Fed. Appx. 44, 48 (3d Cir. 2002) ("There exists some point at which the degree of force used is so minor that a court can safely assume that no reasonable person could conclude that a corrections officer acted maliciously and sadistically."). "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Claggett v. Frantz*, 2011 WL 846092, *4-5 (M.D.Pa. Feb. 1, 2011)(quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973), *overruled on other grounds by*

*Graham*, 490 U.S. at 386)). Here, the plaintiff alleges that he was slammed against a wall and later thrown to the ground with a hand placed on his neck and knee on his rib cage. (Doc. No. 1 at 3). Though a showing of serious injury is not required to succeed on a constitutional claim, it is worth noting that in this case, the plaintiff was examined by medical personnel at York Hospital within hours of the alleged events and diagnosed with a chest wall contusion and no other injuries. (Doc. No. 1 at 12). The medical records do not reflect any injuries to the plaintiff's face, despite his allegation that his face and chest were slammed against a brick wall nor do they note injuries to the plaintiff's neck despite it being allegedly grabbed. (Doc. No. 1 at 2). Finding that the force used in this case to be *de minimis*, it will only constitute a violation of the plaintiff's constitutional rights if it is "repugnant to the conscience of mankind." *Whitley*, 475 U.S. at 327. The police report attached to the plaintiff's complaint indicates that Officer Fetrow found the plaintiff to be "very uncooperative" from the time he was arrested until he was turned over for transport to the police station. (Doc. No. 1 at 8). A lack of cooperation by no means entitles an officer to abuse a person in custody, it may however warrant some physical manipulation. In light of his lack of cooperation and the hospital records related to the injuries, the conduct described by the plaintiff does not rise to a level of wanton infliction of punishment nor is it repugnant to the conscience of mankind and therefore the court recommends that plaintiff's complaint be dismissed.

### B. Conditions of Confinement

As discussed above, though a pretrial detainee's claims are based on the Fourteenth Amendment, the Eighth Amendment standard for cruel and unusual punishment is used because the plaintiff is entitled to protection "at least as great" as the Eighth Amendment. *See Boring,* 833 F.2d at 473. Under the Eighth Amendment claim of cruel and unusual punishment based on the conditions of confinement, a plaintiff must allege: (1) that the deprivation is sufficiently serious; and (2) that the defendant was deliberately indifferent to this deprivation. *See Farmer v. Brennan,* 511 U.S. 825, 828, 834 (1994) *Young v. Quinlan,* 960 F.2d 351, 359–60 (3d Cir.1992) (*citing Wilson v. Seiter*, 501 U.S. 294, 298–303, 111 S.Ct. 2321, 2323–2326 (1991)); *Tsosie v. Dunbar*, 2102 WL 1191642, *7 (M.D.Pa. April 10, 2012).* The Supreme Court has explained that the first prong is objective, while the second prong is subjective. *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2324. According to this standard a plaintiff must first make an objective showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. The plaintiff must also make a subjective showing that defendant acted with "a sufficiently culpable state of mind." *Wilson,* 501 U.S. at 298; *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Moreover, the plaintiff must satisfy both prongs of the test; therefore, a official's conduct will not constitute deliberate indifference without evidence of the requisite mental state. *See Farmer*, 511 U.S. at 837–38, 114 S.Ct. at

9

1979; *Tsosie*, 2012 WL 1191642 at *7.

### *I. Food and Bathroom Denial*

The plaintiff's alleges that he was denied food and use of the bathroom while at the York City Police Department. (Doc. No. 1). The plaintiff does not, however, describe when or how often he requested use of the bathroom nor does he indicate that the lack of access even caused him discomfort. As the court is evaluating a motion to dismiss, it will presume that the plaintiff indeed asked and was denied access to the bathroom and was not given food for the entire time he was at the York City Police Department. Though the plaintiff alleges he was at the police station from 11:30AM until he was taken to the hospital at 3:30PM, the medical records submitted as part of the plaintiff's complaint indicates that he was seen at the hospital at 3:07PM. (Doc. No. 1 at 12). Also, though he does not mention when he was able to go to the bathroom, the plaintiff did state that he was given food at the hospital. (Doc. No. 1 at 3). Finding that maximum possible time that the plaintiff was deprived of food and access to a bathroom was between three-and-one-half and four hours, the court finds that the plaintiff has not pleaded a sufficiently serious deprivation with regard to his use of the bathroom or food needs. Moreover, the plaintiff has not presented any evidence with regard to the officers' mental states, that is, that they were deliberately indifferent to his condition. As such, the court recommends that to the extent it argues that his denial of access to a bathroom or food was a violation of his constitutional rights, the plaintiff's

claim be dismissed.

### ii. Delay of Medical Treatment

To adequately state a *prima facie* Eighth Amendment claim based on the denial of medical care, the plaintiff must establish that defendants acted "with deliberate indifference to his . . . serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 67 ( 3d Cir.1993). Under this standard, deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Moreover, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference, and "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (1990).

The plaintiff claims that he first requested to be taken to the hospital while still at the scene of his arrest. (Doc. No. 1 at 3). He claims this request was not complied with until later in the afternoon, when he was given an exam at York Hospital. (Id. at 12). The plaintiff was diagnosed with a "chest wall contusion." (Id. at 13). The extent of the plaintiff's treatment was a prescription for ibuprofen and a pain relieving cream. (Id. at 18). The court finds that this injury was not a serious medical need and therefore the plaintiff's claim cannot succeed. The plaintiff's motion to amended and proposed amended complaint assert later-diagnosed injuries to his shoulder and discs in his

11

spine. (Doc. No. 45).   The plaintiff does not include any medical records describing the severity of these injuries; however, the plaintiff does admit that he did not make these alleged injuries known on the day of his arrest. (Doc. No. 45 at 2). Nevertheless, even if the court were to allow the plaintiff to amend his complaint and consider these additional injuries, the court would still recommend dismissal. Even if the plaintiff's additional injuries would elevate his condition to a "serious medical need," he did not make these additional injuries known to the officers or to medical staff at York Hospital nor were they evident on their own. As such, the plaintiff cannot show the requisite mental state – that the officers were deliberately indifferent – with regard to injuries of which they were not aware. As such, even considering the claims in the amended complaint, the plaintiff has failed to sufficiently plead a violation of his constitutional rights based on a denial of medical care. The court therefore recommends that to the extent it argues a denial of medical care, the plaintiff's claim be dismissed.

### C. Officer Kehler

The plaintiff alleges that Officer Kehler failed to prevent the excessive force used by Officer Fetrow and either failed to prevent or assisted in the maintenance of his inadequate conditions of confinement. (Doc. No. 1 at 14). Having found that the plaintiff suffered no cognizable constitutional violations, any allegation that Officer Kehler failed to intervene or personally participated

12

in the alleged violations must also fail. As such, the court recommends that the defendant's motion to dismiss be granted with regard to Officer Kehler.

### D. York City Police Department

The plaintiff names the York City Police Department as a defendant in this action. However, liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997) (*citing Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

A municipality – or a subdivision such as a police department – is a "person" for purposes of §1983. *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978)).  But §1983 does not allow municipal liability under a theory of *respondeat superior. See id.* A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation.  *See id.*  This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. *See id.*  The plaintiff bears the burden of identifying the policy or custom.  *See id.*

13

Here, the plaintiff has failed to identify any policy or custom that could be the "moving force" behind his injury. In fact, the plaintiff fails to state any information regarding the role of the York City Police Department beyond the fact that it is the employer of the two other defendants. As such, the plaintiff cannot make out a *Monell* claim against the police department. Therefore, the court recommends that the motion to dismiss be granted with respect to Defendant The York City Police Department.

**THE COURT THEREFORE RECOMMENDS, THAT:**

    (1)    The plaintiff's motion to amend, (Doc. No. 45), be **DENIED**;

    (2)    The defendants' motion to dismiss, (Doc. No. 17), be **GRANTED**.

**s/** *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:** August 21, 2012
O:\shared\REPORTS\2011 Reports\11-2301-01.wpd